**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re:<br><br>RODOLPHO O'FARRILL,<br><br>Debtor. | FOR PUBLICATION<br><br>Case No. 17-11026<br><br>Chapter 7 |
|---|---|

**MEMORANDUM OPINION AND ORDER REGARDING**
**OCWEN LOAN SERVICING LLC'S MOTION TO LIFT THE AUTOMATIC STAY**

*A P P E A R A N C E S :*

ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
*Attorneys for Movant Ocwen Loan Servicing LLC*
409 Congress Ave., Suite 100
Boca Raton, FL 33487
By:    Miriam J. Rosenblatt, Esq.

YANN GERON
*Chapter 7 trustee of the estate of Rodolpho O'Farrill*
c/o Reitler Kailas & Rosenblatt LLC
885 Third Avenue, 20th Floor
New York, New York 10022
By:    Yann Geron, Esq.

RODOLPHO O'FARRILL
*Debtor, pro se*
1554 Leland Avenue
Bronx, New York 10460

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is a motion for relief from the automatic stay (the "Motion," ECF Doc. # 8) regarding real property owned by Rodolpho O'Farrill (the "Debtor"), located at 1554 Leland Avenue, Bronx, New York 10460 (the "Property"). The Motion was filed on June 19, 2017, by Ocwen Loan Servicing LLC ("Ocwen" or the "Movant"), as servicer for HSBC Bank USA, N.A., as Indenture Trustee for the Registered Holders of the Renaissance Home

Equity Loan Asset-Backed Certificates, Series 2005-1.  The Motion is supported by a memorandum of law (the "Movant's Brief," ECF Doc. # 9) and several exhibits, including copies of documents establishing a perfected security interest and the Movant's ability to enforce the terms of the underlying note ("Exhibit A," ECF Doc. #8-1 at 1–46); the Movant's statement regarding the indebtedness and default of the Debtor regarding the Consolidated Note and Mortgage (defined below) on the Property ("Exhibit B," ECF Doc. #8-1 at 47–51); an order filed September 16, 2016, granting a motion to dismiss a chapter 7 petition filed by the Debtor on June 23, 2016, in Case No. 16-11820 ("Exhibit C," ECF Doc. #8-1 at 52–53); and an order filed April 13, 2017, granting a motion to dismiss a chapter 13 petition filed by the Debtor on December 19, 2016, in Case No. 16-13536 ("Exhibit D," ECF Doc. #8-1 at 54–56).  No objections to the Motion have been filed.  The Debtor did not provide a statement of intention to either retain or surrender the Property as required by section 521(a)(2)(A) of the Bankruptcy Code.  Additionally, the chapter 7 trustee (the "Trustee") filed a response to the Motion on July 12, 2017 (the "Trustee's Response," ECF Doc. # 12), stating that he does not object to the Movant's Motion.  (Trustee's Response ¶ 5.)

For the reasons stated below, the Court finds that there is no automatic stay in place in the instant case.  In the alternative, even if the automatic stay was in place in this case, there would be grounds to lift the stay.  Further, the Court grants the Movant *in rem* relief under section 362(d)(4)(B), permitting the Movant to proceed to foreclose against the Property uninhibited by frivolous filings in this case or any subsequent cases, assuming that the Movant complies with applicable State law recording requirements for notices of interests or liens in real property.

## I.    BACKGROUND

### A.    The Prior Bankruptcy Filings

In his two prior bankruptcy filings, both pending within the preceding year, the Debtor claimed the Property as property of the estate. (Mot. ¶ 6.) Both of the Debtor's prior bankruptcy petitions were dismissed. (Mot. ¶ 7.)

The Debtor filed a chapter 7 petition on June 23, 2016 ("Petition 1"). (Mot. ¶ 8 (discussing Case No. 16-11820 before Judge Bernstein in the Southern District of New York Bankruptcy Court).) A deficiency notice was filed on June 24, 2016, on account of the Debtor's failure to submit required documents, including the Debtor's schedules. (*See* Case No. 16-11820, ECF Doc. # 3 at 1.) On September 16, 2016, Judge Bernstein granted the United States Trustee's motion to dismiss the case, based on the Debtor's failure to adequately explain why he did not attend a creditors' meeting. (Ex. C at 53.)

The Debtor next filed a chapter 13 petition on December 19, 2016 ("Petition 2"). (Mot. ¶ 9 (discussing Case No. 16-13536 before Judge Garrity in the Southern District of New York Bankruptcy Court).) On April 13, 2017, Judge Garrity dismissed the case for cause due to the Debtor's failure to appear at the scheduled section 341(a) meeting of creditors, and due to the Debtor's failure to provide all documentation as required by the chapter 13 trustee. (Ex. D at 55.)

### B.    The Current Bankruptcy Filing

The current chapter 7 proceeding, filed on April 17, 2017 ("Petition 3," ECF Doc. # 1), is the Debtor's third bankruptcy case pending in the past year. (Mot. ¶ 6.) However, in his schedules for this filing, the Debtor checked the "No" box for the question "[h]ave you filed for bankruptcy within the last 8 years?" (Petition 3 at 3.)

3

In his petition, the Debtor requested a 30-day extension due to his inability to obtain credit-counseling services during the seven days after he made his request for such. (Petition 3 at 5.) However, one month and three weeks after May 17, 2017—the expiration of the 30-day extension—the Debtor had still not filed a statement of completion of a course concerning personal financial management, and a notice of this requirement was filed on July 7, 2017, and a certificate of mailing regarding this notice was filed on July 9, 2017. (*See* ECF Docs. ## 10–11.)

### C.     The Mortgage

On September 20, 2002, the Debtor executed and delivered a promissory note ("Note 2002") and a mortgage ("Mortgage 2002"), securing payment of Note 2002 in the amount of $128,000.00 to Delta Funding Corporation ("Delta"). (Mot. ¶ 2.) Mortgage Electrical Registration Systems Inc. ("MERS") held Mortgage 2002 as nominee for Delta, and Mortgage 2002 was recorded on November 18, 2002. (*Id.*)

On February 9, 2005, the Debtor executed and delivered a promissory note ("Note 2005") and a mortgage ("Mortgage 2005"), securing payment of Note 2005 in the amount of $73,761.27 to Delta. (*Id.*) MERS held Mortgage 2005 as nominee for Delta, and Mortgage 2005 was recorded on May 19, 2005 in Instrument Number 2005022400761001 of the Public Records of Bronx County, New York. (*Id.*)

On February 9, 2005, the Debtor also executed and delivered a promissory note ("Consolidated Note") and a mortgage (the "Consolidated Mortgage") to consolidate Mortgage 2002 and Mortgage 2005 into a single lien, securing payment of the Consolidated Note in the amount of $200,000.00 to Delta. (*Id.*) MERS held the Consolidated Mortgage as nominee for Delta, and the Consolidated Mortgage was recorded on May 19, 2005 in Instrument Number 2005022400761002 of the Public Records of Bronx County, New York. (*Id.*) The Consolidated Mortgage provides the Movant with a lien on the Property. (*Id.*)

On February 9, 2009, the Debtor executed and delivered a loan modification agreement (the "Loan Modification Agreement") that decreased the principal balance of the Consolidated Mortgage to $185,293.40. (*Id.*)

The Debtor did not provide any estimate of the Property's value; the only evidence of Property's value in the record is the Movant's $431,000.00 estimated market value of the Property. (Ex. A at 48.)

The Consolidated Note and the Consolidated Mortgage have been and remain in default since November 1, 2010. (Mot. ¶ 4.) The Debtor, who does not list any employment information in his schedules, has not sent a payment to the Movant since October 19, 2010. (Ex. A at 49.) The Movant owes a total pre-petition amount of $311,757.96, which includes a principal amount of $183,296 and $76,172.62 of interest, accruing at the contractual interest rate of 6.35000%. (Ex. A at 49.) As of May 3, 2017, the Movant owes a combined total pre-petition and post-petition amount of $312,275.26. (Mot. ¶ 5.)

### D.     The Motion

The Movant argues that relief from the automatic stay is warranted under sections 362(d)(1) and (4). (Mot. ¶ 14.) The Movant fails to discuss section 362(c).

Regarding section 362(d)(1), the Movant argues that, combining continually accruing interest, real property taxes, and insurance on the Consolidated Mortgage, "whatever equity [that] might exist will decrease rapidly. Therefore, Movant's security interest is not adequately protected, constituting 'cause' to terminate the automatic stay as it pertains to Movant's lien interest [on the Property]." (Movant's Brief at 2–3.)

Regarding section 362(d)(4), the Movant argues that the Debtor's pattern of petition filings and subsequent dismissals "for failure to adhere to the Court's requirements . . . suggests that the Debtor has filed each of these bankruptcies for the sole purpose of delaying, hindering,

5

and/or defrauding [the Movant]," and that the Debtor's "serial filings evidence a lack of good faith." (Mot. ¶¶ 10–11.) In addition, the Movant seeks a restriction on "any future imposition of the automatic stay on its currently pending foreclosure action [on the Property]," as well as attorneys' fees and costs in incurred in preparing and filing the Motion. (Mot. ¶¶ 14, 16.)

In the Trustee's Response, the Trustee states that he "does not believe the Debtor's [Property] . . . holds any value for the creditors of this estate," and therefore does not object to the Motion. (Trustee's Response ¶¶ 1, 5.) In addition, the Trustee, like the Movant, fails to discuss section 362(c).

The Movant has standing to bring the Motion, as evidenced by the mortgage assignment ("Assignment," Ex. A at 42) entered into on March 28, 2005, assigning the mortgage for the Property from MERS, as nominee for Delta, to HSBC Bank USA, N.A., as Indenture Trustee for the registered holders of Renaissance Home Equity Loan Asset-Backed Certificates, Series 2005-1, whose address is c/o Ocwen Loan Servicing, LLC, 1661 Worthington Road, Suite 100, West Palm Beach, Florida, 33409. (*See* Ex. A at 42.)

As already stated, the Debtor failed to provide the required statement of intention to retain or surrender the Property. The section 341 meeting of creditors was originally scheduled for May 23, 2017, so even if the Debtor had stated an intention to retain the Property, the Debtor would have been required to perform the intention within 30 days thereafter, which the Debtor did not do. 11 U.S.C. § 521(a)(2)(B). The Debtor did not oppose the Motion in any event.

## II.    LEGAL STANDARD

### A.    Section 362(c)

Under section 362(c)(3) of the Bankruptcy Code,

> [I]f a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case

6

> of the debtor was pending within the preceding 1-year period but was
> dismissed, . . .
>> (A) the stay under subsection (a) with respect to any action taken
>> with respect to a debt or property securing such debt or with
>> respect to any lease shall terminate with respect to the debtor on
>> the 30th day after the filing of the later case;

11 U.S.C. § 362(c)(3). Therefore, if a debtor files a petition, but had one case pending within the preceding year that was dismissed, the automatic stay for the new case terminates after 30 days, as long as the debtor undertakes no successful action to maintain the stay pursuant to section 362(c)(3)(B).

Similarly, under to section 362(c)(4)(A),

> (i) [I]f a single or joint case is filed by or against a debtor who is an
> individual under this title, and if 2 or more single or joint cases of the
> debtor were pending within the previous year but were dismissed, . . . the
> stay under subsection (a) shall not go into effect upon the filing of the later
> case; and
> (ii) on request of a party in interest, the court shall promptly enter an order
> confirming that no stay is in effect[.]

11 U.S.C. § 362(c)(4)(A). In such a case, if a debtor files a petition, but had two cases pending within the preceding year, both of which were dismissed, the debtor does not receive an automatic stay upon filing the new, third petition.

However, within 30 days of filing the third petition, a party in interest may request that the court order an automatic stay to take effect, if the party in interest can "[demonstrate] that the filing of the later case is in good faith as to the creditors to be stayed[.]" 11 U.S.C. § 362(c)(4)(B). Yet, according section 362(c)(4)(D),

> [The] case is presumptively filed not in good faith (but such presumption
> may be rebutted by clear and convincing evidence to the contrary)— (i) as
> to all creditors if—(I) 2 or more previous cases under this title in which
> the individual was a debtor were pending within the 1-year period[.]

11 U.S.C. § 362(c)(4)(D).

### B. Section 362(d)

The Bankruptcy Code imposes an automatic stay of nearly all litigation against the debtor. 11 U.S.C. § 362(a). But a party in interest can seek relief from this automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). A party secured by an interest in real property can also seek relief from the stay "if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors . . . ." 11 U.S.C. § 362(d)(4).

#### 1. Section 362(d)(1)

Any party moving to lift the automatic stay under section 362(d) must first establish its *prima facie* case. *See In re Elmira Litho, Inc.*, 174 B.R. 892, 902 (Bankr. S.D.N.Y. 1994). A *prima facie* case that a party lacks adequate protection under section 362(d)(1) can be satisfied by showing (i) a quantitative decline in value of a property, or (ii) that the debtor has failed to make numerous post-petition payments. *See id.*, 902–04. If a movant fails to demonstrate its *prima facie* case, the court must deny the request to lift the stay. 3 COLLIER ON BANKRUPTCY ¶ 362.10 (16th ed. 2016). Once the creditor makes a *prima facie* case, the burden shifts to the debtor on all other issues. *Elmira Litho*, 174 B.R. at 902; 3 COLLIER ON BANKRUPTCY ¶ 362.10.

Courts may find that there is adequate protection for a secured creditor where there is equity in the property, but the equity cushion must be significant. *See In re Rorie*, 98 B.R. 215, 221 (Bankr. E.D. Pa. 1989) (stating that in determining whether the equity cushion provides adequate protection, the court considers factors such as "the size of the cushion; the rate at which the cushion will be eroded; and whether periodic payments are to be made to prevent or mitigate the erosion of the cushion," and holding that an equity cushion valued at almost 42% of the claim is sufficient to provide adequate protection); *In re McKillips,* 81 B.R. 454, 458 (Bankr. N.D. Ill. 1987) (stating that "an equity cushion of 20% or more constitutes adequate protection," while

8

"an equity cushion under 11% is insufficient to provide adequate protection" ); *In re James River Assocs.*, 148 B.R. 790, 796 (E.D. Va. 1992) (holding that a 2% equity cushion is insufficient to provide adequate protection because of the deterioration of the equity cushion from accumulating interest).

### 2.   *Section 362(d)(4)*

In order for the court to lift the automatic stay under section 362(d)(4), the Debtor's scheme must involve either "(A) [the] transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or (B) multiple bankruptcy filings affecting such real property." 11 U.S.C. § 362(d)(4). A successful motion to lift the automatic stay under section 362(d)(4) halts the automatic stay from applying to the real property in future bankruptcy filings for a period of 2 years. *See* 11 U.S.C. § 362(b)(20).

However, it is not easy to successfully move for relief from the automatic stay under 11 U.S.C. § 362(d)(4). "[T]he language [in section 362(d)(4)] was deliberately chosen by Congress to impose a substantial burden of proof on secured creditors . . . ." 3 COLLIER ON BANKRUPTCY ¶ 362.05[19][a]. Collier notes that requiring a high standard on motions under section 362(d)(4) is consistent with the statute's extreme remedy, which halts the automatic stay from applying to the real property in bankruptcy filings for two years. *Id*. Courts have agreed with this approach, only granting relief under section 362(d)(4) in extreme circumstances when a creditor has demonstrated that the bankruptcy petition was filed as part of a scheme to delay, hinder, and defraud creditors. *In re Young*, No. 06-80534, 2007 WL 128280, at *8–10 (Bankr. S.D. Tex. Jan. 10, 2008) (holding that to prevail on a 362(d)(4) motion, a creditor "must demonstrate that the filing of this petition was part of a scheme to 'delay, hinder, and defraud.'"); *In re Muhaimin*, 343 B.R. 159, 167 (Bankr. D. Md. 2006) ("To obtain section 362(d)(4) relief, the court must find

9

three elements to be present," which are (i) a scheme by the debtor, (ii) to delay, hinder and defraud creditors, (iii) involving the actions listed in either section 362(d)(4)(A) or (B)).

### III.   ANALYSIS

#### A.   Pursuant to Section 362(c)(4), There is No Automatic Stay in Effect

The Debtor filed Petition 1, a chapter 7 petition, on June 23, 2016, which was dismissed by Judge Bernstein on September 16, 2016, and then filed Petition 2, a chapter 13 petition, three months later on December 19, 2016, which was dismissed by Judge Garrity on April 13, 2017. The Debtor then filed Petition 3, the instant chapter 7 petition, four days later on April 17, 2017. Both Petitions 1 and 2 were pending within the year preceding the filing of Petition 3, contrary to what the Debtor wrote on his Petition 3 schedules, and Petitions 1 and 2 were dismissed. Therefore, pursuant to section 362(c)(4)(i), the automatic stay "shall not go into effect upon the filing of the later case," because Petition 3 is a "single or joint case . . . filed by or against a debtor . . . , and . . . 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed . . . ." *See* 11 U.S.C. § 362(c)(4)(A)(i).

#### B.   Pursuant to Section 362(d)(4), Even if There Was an Automatic Stay in Effect, the Court Would Grant the Motion

The Movant establishes a *prima facie* case that the automatic stay, if in effect, should be lifted under section 362(d)(1) by showing that, among other things, the Debtor has failed to make numerous payments on the Consolidated Note and Mortgage, the last payment occurring during October of 2010, over six and a half years ago. Regarding the question of adequate protection of the Property, if the Debtor owns the Property to the extent that its value exceeds the Movant's claim of $312,275.26, and the Movant's estimated market value of the Property of $431,000.00 is accurate, the Debtor has an equity cushion of $118,724.74 in the Property, which is 38% of the

10

Movant's claim. The Movant argues that interest, taxes, and insurance costs will rapidly erode the equity cushion.

The Movant also supports its assertion that it is entitled to prospective relief from the automatic stay under section 362(d)(4) by citing the Debtor's prior two bankruptcy filings pending within the preceding year, both of which involved the subject Property, and both of which were dismissed due to the Debtor's failure to attend creditor meetings and/or file the requisite schedules. In his schedules for this bankruptcy filing, the Debtor checked the "No" box for the question "[h]ave you filed for bankruptcy within the last 8 years?" Further, in this bankruptcy filing, the Debtor has thus far failed to file a statement of completion of a course concerning personal financial management, despite nearly three months having passed since he filed his petition. The Debtor also failed to file schedules or to appear for the section 341 meeting.

The Debtor has demonstrated a clear pattern of repeat filings concerning the Property, and in each bankruptcy case the Debtor has consistently failed to honor the obligations of a debtor in good faith, and has instead used the bankruptcy filings as a scheme to delay foreclosure proceedings against the Property. *See Muhaimin*, 343 B.R. at 167. Additionally, the Debtor has consistently failed to make payments on the Consolidated Note, and has demonstrated no intention of making payments in the future.

### IV.    CONCLUSION

Pursuant to section 362(c)(4)(A)(i), there is no automatic stay in effect because the Debtor had two cases pending within the year preceding the filing of Petition 3, both of which were dismissed. As a result, the Court finds that there is no automatic stay in place in the instant case.

11

However, even if the automatic stay was in effect, despite the fact that the Debtor appears to have an equity cushion in the Property, the Debtor has not made a payment on the Consolidated Note or Mortgage in over six and a half years, and appears to have attempted to use the Bankruptcy Code improperly and repeatedly in an effort to undermine the Movant's rights. The Court also finds that the assertions and evidence set forth by the Movant demonstrate that the Debtor's bankruptcy petition was filed as part of a scheme to delay, hinder, and defraud creditors. Accordingly, pursuant to section 362(d)(4)(B), the Court grants the Movant *in rem* relief permitting the Movant to foreclose against the Property despite any further bankruptcy filings (in this case or other cases), assuming that the Movant complies with the recording requirements of State law governing recording of notices of interests or liens in real property.

**IT IS SO ORDERED.**

Dated:   July 25, 2017
         New York, New York

*Martin Glenn*
MARTIN GLENN
United States Bankruptcy Judge